DENNIS J. HERRERA, State Bar #139669
City Attorney
MEREDITH B. OSBORN, State Bar #250467
Chief Trial Deputy
KAITLYN MURPHY, State Bar #293309
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3867
Facsimile:     (415) 554-3837
E-Mail:        kaitlyn.murphy@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
DEPUTIES SANCHEZ, VILLANUEVA, AND SHARPE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL BUCKINS,<br><br>    Plaintiff,<br><br>    vs.<br><br>DEPUTY SANCHEZ, et al.,<br><br>    Defendants. | Case No. 19-cv-07969 WHA<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Hearing Date:  March 19, 2020<br>Time:          11:00 a.m.<br>Place:         450 Golden Gate Avenue<br>               Courtroom 12 – 19th Floor<br>               San Francisco, CA 94102<br><br>Trial Date:    Not Set |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District, Civil Local Rule 16-9, and the Standing Orders of this Court.

### 1. Jurisdiction and Service

The parties agree there are no issues with service and that this Court has jurisdiction over Plaintiff's federal and pendent state law claims. Defendants answered the Complaint on February 28, 2020 and do not contest personal jurisdiction or venue.

### 2. Facts

Plaintiff is a pre-sentence inmate, who has been housed in San Francisco County Jail since October 2016. Plaintiff's complaint alleges on two occasions— August 31, 2018 and November 6, 2018—he was subject to the use of excessive force by Sheriff's Office deputies and that on August 31 the decision to transfer Plaintiff from holding at County Jail 4 (in San Francisco) to County Jail 5 (in San Bruno) was retaliation against Plaintiff for his use of the jail's administrative grievance procedure. On the basis of these allegations Plaintiff brings the following five claims: (1) excessive force in violation of the Fourteenth Amendment (against all Defendants stemming from both the August 31 and November 6 incidents); (2) retaliation for Plaintiff's lawful use of the inmate grievance procedures in violation of the First Amendment (against Defendant Sharpe stemming from the August 31 incident); (3) the tort of battery (against Defendant Sanchez stemming from the November 6 incident); (4) violation of the California Bane Act (against Defendant Sanchez stemming from the November 6 incident); and (5) the tort of negligence (against all Defendants stemming from both the August 31 and November 6 incidents).

Defendants argue the deputies' use of force on August 31 and November 6, 2018 was necessary to control Plaintiff, who at the time was disobeying lawful orders. Defendants expressly deny that any use of force was excessive or that any of the Defendants' conduct was retaliation for Plaintiff's use of the inmate grievance process.

### 3. Legal Issues

The following legal issues will likely be involved in the resolution of this action:

///

- Whether the individual Defendants are entitled to qualified immunity for Plaintiff's federal claims;
- Whether the individual Defendants use of for force was excessive in light of Plaintiff's non-compliance with lawful orders;
- Whether the decision to transfer Plaintiff from County Jail 4 to County Jail 5 was made for the purpose of retaliation; and
- Whether the alleged damages are recoverable against the Defendants.

### 4. Motions

There are no pending motions. Defendants intend to file a motion for summary judgment.

### 5. Amendment of Pleadings

Plaintiff filed his Complaint on December 4, 2019 and then filed a First Amended Complaint ("FAC") as of right on December 9, 2019. Defendants answered the FAC on February 28, 2020. Defendants do not believe any further amendment of the pleadings is necessary.

### 6. Evidence Preservation

The parties have taken steps to preserve relevant evidence in their possession.

### 7. Disclosures

The parties will make initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before March 12, 2020.

### 8. Discovery

At the time of the Case Management Conference on March 19, 2020, the parties will have made their initial disclosures. No additional discovery requests have been issued. The parties do not anticipate any modification to the Federal Rules, Local Rules or this Court's standing orders will be necessary to facilitate discovery in this action.

Defendants anticipate that a protective order may be necessary, depending on the scope of Plaintiff's discovery requests. Defendants also anticipate obtaining medical records related to Plaintiff's alleged injuries, and to the extent he claims continuing injury, Defendants expect to request an independent medical examination of Plaintiff to evaluate those alleged injuries. Defendants further

anticipate the need for expert discovery should the issues not be resolved through a motion for summary judgment.

### 9. Class Actions

This is not a putative class action.

### 10. Related Cases

Plaintiff is currently being criminally prosecuted in San Francisco Superior Court. Although not directly related to the claims in this matter, Plaintiff's criminal prosecution may have collateral effects on this case. The parties are unaware of any cases that should be formally related to this one.

### 11. Relief

Plaintiff seeks compensatory damages and attorneys' fees against all Defendants and punitive damages against the individual Defendants. Defendants deny Plaintiff is entitled to recovery and will seek a finding of no liability with an award of costs.

### 12. Settlement and ADR

No settlement conference has been scheduled. Defendants remain open to a settlement conference after some discovery has occurred, but believe it is too early at this point in the litigation to determine whether this is a strong case for ADR.

### 13. Consent to Magistrate Judge For All Purposes

Defendants consent to have a magistrate judge conduct all further proceedings including trial.

### 14. Other References

This matter is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

None at this time. Defendants remain willing to meet and confer with Plaintiff regarding any other ways to narrow the issues in this case as discovery proceeds.

### 16. Expedited Trial Procedure

This case is not well-suited to be handled under the Expedited Trial Procedures of General Order No. 64 based on the facts available at this time.

/ / /

### 17.  Scheduling

Defendants submit the following proposed case schedule:

| | |
|---|---|
| Last Day to Amend Complaint | April 10, 2020 |
| Fact Discovery Cutoff | October 2, 2020 |
| Last Day to File Dispositive Motion | November 5, 2020 |
| Last Day for Dispositive Motion Hearing Date | December 10, 2020 (Thursday 8AM) |
| Disclosure of Opening Experts | January 8, 2021 |
| Disclosure of Rebuttal Experts | February 5, 20201 |
| Close of Expert Discovery | March 5, 2021 |
| Pretrial Conference | April 7, 2021 (Wednesday 2PM) |
| Proposed Trial Date | April 19, 2021 (Monday 7:30 AM) |

### 18.  Trial

Plaintiff has requested a jury trial. Defendants expect the trial will last 7 court days unless the scope of the case is narrowed significantly by the time of trial. Defendants' calculation for the approximate number of days necessary for trial accounts for the fact that Plaintiff alleges claims for conduct occurring in two separate jails (County Jail 4 and County Jail 5) with distinct staffing.

### 19.  Disclosure of Non-Party Interested Entities or Persons

The City is not required to file a "Certification of Interested Entities or Persons."

### 20.  Professional Conduct

Counsel for Defendants have reviewed the Guidelines for Professional Conduct for the Northern District of California.

///

///

///

**21. Other Matters**

There are no other matters that require the Court's attention at this time.

Dated: March 12, 2020

          DENNIS J. HERRERA
          City Attorney
          MEREDITH B. OSBORN
          Chief Trial Deputy
          KAITLYN MURPHY
          Deputy City Attorney

By: */s/ Kaitlyn Murphy*
      KAITLYN MURPHY

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, DEPUTIES SANCHEZ, VILLANUEVA, AND SHARPE

Dated: March 12, 2020

          LAW OFFICES OF STANLEY GOFF

By: **/*s/ Stanley Goff*
      STANLEY GOFF

Attorney for Plaintiff
DARRELL BUCKINS

*\*\*Pursuant to Civil L.R. 5-1(i)(3), the electronic signatory has obtained approval from this signatory.*